# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

MIKE SAMMONS,

        Plaintiff,

vs.

RINO INTERNATIONAL CORPORATION,

        Defendant.

Case No. 2:14–cv–574–GMN–VCF

**REPORT & RECOMMENDATION**

    This matter involves *pro se* Plaintiff Mike Sammons's civil action against a defunct entity, Rino International Corporation. Before the court is Sammons's motion for default judgment (#10). For the reasons stated below, the court recommends denying Sammons's motion for default judgment and dismissing the complaint for lack of subject-matter jurisdiction.

## BACKGROUND

    Plaintiff Mike Sammons, a resident of San Antonio, Texas, owns 1,000,000 shares of common stock in Rino International Corporation, a defunct entity. (*See* Compl. (#1) at ¶¶ 1–2). On October 8, 2011, Rino's corporate charter was revoked by the Nevada Secretary of State. (*Id*. at ¶ 2). On May 15, 2013, the Securities and Exchange Commission obtained a permanent injunction against Rino, which prohibited the company from operating in the United States. *See Sec. & Exchange Comm'n v. Rino Int'l Corp.*, et al., No. 1:13-cv-00711 (D. D.C. 2013). This also resulted in Dejun Zou being removed from his position as an officer and director of Rino. *See id*. These events coincided with a precipitously drop in the value of Rino's stock, from a high of $32.25 on November 27, 2009, to zero on July 28, 2014. *See* RINO:US, BLOOMBERG.COM, http://www.bloomberg.com/quote/RINO:US.

On April 15, 2014, Sammons commenced the instant action, seeking the appointment of a receiver for the purpose of liquidating Rino's assets and distributing the assets to its shareholders. (*See* Compl. (#1) at 3). On April 15, 2014, Rino's stock was valued at $00.02 with 28,600,000 shares outstanding. *See* RINO:US, BLOOMBERG.COM, http://www.bloomberg.com/quote/RINO:US.

Sammons's complaint alleges that this court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and that the amount in controversy exceeds $75,000.00. (*See* Compl. (#1) at ¶ 3). However, Sammons also alleges that Rino "has no operations, officers, or **assets**." (*Id*. at ¶ 2) (emphasis added).

On April 21, 2014—nearly three years after Rino's corporate charter was revoked—Sammons properly served Dejun Zou with a summons and copy of his complaint. (*See* Pl.'s Default Mot. (#10) at 2); *see also Canarelli v. Dist. Ct*., 265 P.3d 673, 675 & n. 2 (Nev. 2011) ("[S]ervice upon Canarelli was effective pursuant to NRS 78.750(2) because he had been an officer and director of American West."). To date, Dejun Zou has not appeared to defend suit. As a result, Sammons filed the instant motion for default judgment on July 16, 2014.

**LEGAL STANDARD**

A federal court may appoint a receiver only if it has subject-matter jurisdiction over the underlying action. *Waag v. Hamm*, 10 F. Supp. 2d 1191, 1193 (D. Colo. 1998) (citing CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2985 (1997)). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**DISCUSSION**

Sammons's complaint should be dismissed because the court lacks subject-matter jurisdiction. Sammons's complaint predicates federal jurisdiction on 28 U.S.C. §§ 1332, 1441, and 1446 and asserts

that the amount in controversy exceeds $75,000.00. (*See* Compl. (#1) at ¶ 3). Section 1441 and 1446 govern removal. Because this action was originally filed in federal court, removal is irrelevant and an improper jurisdictional basis.

Similarly, 28 U.S.C. § 1332 does not confer jurisdiction because it is clear to a legal certainty that the amount in controversy is less than the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Two facts support this finding. First, Sammons's complaint concedes that Rino has no assets. (*Id*. at ¶ 2). Second, when Sammons filed suit on April 15, 2014, his stock was only worth $20,000.00 (i.e., 1,000,000 shares at $00.02). In *Red Cab*, the Supreme Court held:

> [I]f, from the face of the pleadings, it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Red Cab Co*., 303 U.S. at 289. Because Sammons concedes that Rino has no assets and that his stock was only worth $20,000.00 when the complaint was filed, it is legally certain that the action is for less than the jurisdictional amount.[1]

Sammons's motion for default judgment argues that the jurisdictional amount is satisfied because Rino's "has indirect ownership interest in companies doing business in China" and Rino has 28,600,000 shares outstanding. (Pl.'s Default Mot. (#10) at 1, 2 n. 1). These allegations are insufficient to confer jurisdiction for two reasons. First, Sammons's allegation regarding Rinno's "indirect ownership"

---

[1] The amount in controversy is determined under the circumstances exiting on the date the complaint is filed. *See, e.g, Stewart v. Tupperware Corp*., 356 F.3d 335, 338 (1st Cir. 2004) ("When applying this test, a court must look at the circumstances at the time the complaint is filed."); *accord Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc*., 166 F.3d 59, 43 (2d Cir. 1999); *White v. FCI USA, Inc*., 319 F.3d 672 (5th Cir. 2003); *Jones v. Knox Exploration Corp*., 2 F.3d 181 (6th Cir. 1993).

interests is vague and unsubstantiated. Nothing in the records demonstrates that Rino has any assets. (*See*, *e.g.*, Compl. (#1) at 2) ("Rino has no . . . assets").

Second, in general, a plaintiff may only assert claims on his or her own behalf. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (stating that the court's standing inquiry focuses on, *inter alia*, an injury to the plaintiff). The burden of establishing standing—both for one's self and as a third-party representative of others—rests on the party invoking federal jurisdiction. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342, — U.S. — (2014). Consequently, Sammons may not rely on the total number of shares outstanding to satisfy the jurisdictional burden in an action that is brought on his own behalf. *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (stating that a party cannot invoke third-party standing absent a showing that there is "a barrier to the injured party's ability to assert its own interests"); *United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir. 1999) (holding that the government, as prosecutor of a securities fraud action, lacked third-party standing to assert rights on behalf of the public because there was no showing that the public faced an impediment in asserting their rights).

Alternatively, if the court finds that subject-matter jurisdiction exists, Sammons's motion for default judgment should still be denied. Appointment of a receiver is an extraordinary equitable remedy that is justifiable only in extreme situations. *Kelleam v. Maryland Cas. Co. of Baltimore, Md.*, 312 U.S. 377, 381 (1941). Federal courts derive their power to appoint receivers from their equity jurisdiction. *Burnrite Coal Briquette Co. v. Riggs*, 274 U.S. 208, 212 (1927); *Inland Empire Ins. Co. v. Freed*, 239 F.2d 289, 292 (10th Cir. 1956). This means that federal courts may only appoint receivers when appointment is "auxiliary to some primary relief which is sought and which equity may appropriately grant." *Kelleam*, 312 U.S. at 381.

Assuming, *arguendo*, that the court has subject-matter jurisdiction, Sammons's motion for default judgment should be denied because his request for a receiver is not auxiliary to another form of relief. Sammons's complaint seeks the appointment of a receiver, and nothing else. (*See* Compl. (#1) at 3). Accordingly, Sammons's motion for default judgment should be denied on its merits. *See Kelleam*, 312 U.S. at 381.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Sammons's motion for default judgment (#10) be DENIED.

IT IS FURTHER RECOMMENDED that Sammons's action be DISMISSED for lack of subject-matter jurisdiction.

IT IS SO RECOMMENDED.

DATED this 29th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE