UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIKE SAMMONS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> RINO INTERNATIONAL CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cv-00574-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion for Default Judgment (ECF No. 10) filed by Plaintiff Mike Sammons ("Plaintiff") on July 16, 2014. On July 29, 2014, the Honorable Cam Ferenbach, United States Magistrate Judge, entered a Report and Recommendation (ECF No. 11) recommending that this Court deny the motion and dismiss the Plaintiff's Complaint (ECF No. 1) for lack of subject-matter jurisdiction. Plaintiff subsequently filed an Objection (ECF No. 12) to the Report and Recommendation and a Memorandum in Support of the Objection (ECF No. 13).

For the reasons discussed below, the Court will accept and adopt Magistrate Judge Ferenbach's Report and Recommendation to the extent that it is not inconsistent with this opinion.

**I.   BACKGROUND**

According to the three-page Complaint, Plaintiff is the owner of 1,000,000 shares of common stock in Defendant Rino International Corporation ("Rino"), a defunct entity. (Compl. ¶¶ 1–2, ECF No. 1). Rino was incorporated in the State of Nevada on September 26, 2006. (*Id.* ¶ 4). However, on October 8, 2011, the Nevada Secretary of State revoked Rino's charter and on May 15, 2013, the Securities and Exchange Commission obtained a permanent injunction

against Rino, prohibiting the company from operating in the United States. (*Id.* ¶¶ 2, 4); *see also* (Final Judgment, *Sec. & Exchange Comm'n v. Rino Int'l Copr.,* et al., No. 1:13-cv-00711-EGS (D. D.C. 2013) ECF No. 9).

Plaintiff filed his Complaint on April 15, 2014, asking this Court to appoint him receiver for Rino for the purpose of liquidating any assets and distributing them to the shareholders. (Compl., ECF No. 1). However, in the Complaint, Plaintiff acknowledges that Rino has no assets or operations in the United States, though he alleges that Rino possesses ownership interests in foreign companies. (*Id.* ¶ 6).

In the Report and Recommendation, Judge Ferenbach noted that the only available basis for federal jurisdiction identified in the Complaint was diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that the amount in controversy necessary for the Court to exercise this jurisdiction, over $75,000, was not present in this case. (R&R 2:23-3:17, ECF No. 11). In support of this finding, Judge Ferenbach pointed to two facts showing that a distribution of Rino's assets to Plaintiff pursuant to his stock ownership would not reach the necessary amount for jurisdiction. First, Plaintiff admitted in his Complaint that Rino had no assets in the United States and his allegation of "interests in foreign companies" was too vague and unsubstantiated to demonstrate that Rino possessed any assets. (*Id.* 3:7-8, 3:18-4:2). Second, on the date Plaintiff filed suit, April 15, 2014, Rino's stock was valued at $00.02 per share, so the value of his share of Rino's alleged assets would only be approximately $20,000. (*Id.* 3:7-17) (citing RINO:US, BLOOMBERG.COM, http://www.bloomberg.com/quote/RINO:US). Therefore, Judge Ferenbach recommended that the Court dismiss the Complaint for lack of jurisdiction. (*Id.* 5:6-9).

Plaintiff subsequently filed his Objection and Memorandum in Support in which he presents additional allegations to support his claim that the amount in controversy is met. (Objection, ECF No. 12; Memo., ECF No. 13). Plaintiff also attached a proposed First

Amended Complaint to his Objection incorporating some of his new allegations. (First Am. Compl., Ex. 1 to Objection, ECF No. 12).

## II. **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In cases where the amount in controversy is in doubt, "the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938)). "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)). The amount in controversy alleged by the proponent of federal jurisdiction controls so long as the claim is made in good faith. *Id.*; *see also Riggins v. Riggins*, 415 F.2d 1259, 1260 (9th Cir.

1969) ("[F]or jurisdictional purposes, the amount in controversy is measured by the amount of the claim . . . subject to the qualification that the amount of the claim must appear to be in good faith and not fictitiously asserted simply to allege a sum sufficient for federal jurisdiction."). To justify dismissal in these cases, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions*, 599 F.3d at 1106 (quoting *Crum*, 231 F.3d at 1131). Under the legal certainty standard, "a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Id.* (quoting *St. Paul Mercury*, 303 U.S. at 292).

### III. DISCUSSION

Having reviewed the Report and Recommendation and Plaintiff's Objections and accompanying Memorandum and First Amended Complaint, the Court agrees with Judge Ferenbach and finds that the jurisdictional amount in controversy in not present here.

First, the Court notes that Plaintiff failed to state any amount in controversy in the original Complaint. (Compl., ECF No. 1). However, even if Plaintiff's proposed First Amended Complaint were the operable complaint, the Court finds that the amount alleged in that pleading was not made in good faith. Plaintiff alleges in his Objection and proposed First Amended Complaint that "[a]ccording to the last SEC filing [Rino's] ownership interests are valued at $258 million or $9/share," and therefore, his shares are worth approximately $9 million. (Objection at 2–3, ECF No. 12; First Am. Compl., Ex. 1 to Objection ¶ 8, ECF No. 12). What Plaintiff omits, however, is that this filing showing $258 million in assets was made in September of 2010 before Rino's corporate charter was revoked and it was prohibited from operating in the United States following allegations that its officers knowingly falsified its accounting records to overstate the company's assets and revenue. *See Sec. & Exchange Comm'n v. Rino Int'l Copr.,* et al., No. 1:13-cv-00711-EGS (D. D.C. 2013); *see also Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 WL 710704 (C.D. Cal. Feb. 14, 2011)

*adopted*, No. CV 10-1754-VBFVBKX, 2011 WL 710676 (C.D. Cal. Feb. 16, 2011) (consolidating six putative class action lawsuits brought by shareholders of Rino alleging that several of Rino's officers made "materially false and misleading statements about RINO's true financial condition" including that Rino's revenue in fiscal year 2009 was $192.6 million when in reality it was approximately $11 million). Accordingly, the September 2010 SEC filing cannot plausibly serve as an estimate of Rino's assets and basis for Plaintiff's claimed amount in controversy. Therefore, the Court finds that Plaintiff's claim that the amount in controversy here is approximately $9 million is not made in good faith.

Furthermore, it appears to a legal certainty that the amount in controversy here is less than $75,000. As Judge Ferenbach noted, on the date Plaintiff filed his Complaint, Rino's stock was valued at $00.02 per share.[1] (R&R 3:7-17, ECF No. 11) (citing RINO:US, BLOOMBERG.COM, http://www.bloomberg.com/quote/RINO:US). Therefore, using the stock price as an estimate of the value of Rino's assets, Plaintiff's claim based on his 1,000,000 shares is for approximately $20,000. However, the Court finds it highly improbable that Plaintiff's claim has any value at all. Plaintiff admits in his Objection that "[t]he Magistrate properly noted that 'nothing in the record demonstrates that Rino has any assets.'" (Objection at 4, ECF No. 12). All Plaintiff offers in his Objection to support the idea that Rino does in fact hold some assets is a list of ownership interests in Chinese companies that Rino reported holding in the allegedly fraudulent September 2010 SEC filing. (*Id.* at 3). However, nothing in the record indicates—nor does Plaintiff allege—that Rino still held any ownership interest in these companies, that any of these companies possessed assets, or that any of these companies even existed when the Complaint was filed in April of 2014. (First Am. Compl., Ex. 1 to Objection, ECF No. 12). Furthermore, the negligible value of the stock indicates that Rino no

---

[1] At the time of this Order, Rino's stock is fluctuating between $00.003 and $00.001 per share. *See* RINO:US, BLOOMBERG.COM, http://www.bloomberg.com/quote/RINO:US/chart.

longer possesses any assets, even assets in foreign countries.  Therefore, it appears to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount, and this case should be dismissed for lack of jurisdiction.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Judge Ferenbach's Report and Recommendation (ECF No. 11) is **ACCEPTED and ADOPTED in full**.  Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice** so that Plaintiff may bring his claims in state court.  The court clerk shall close this Court's case.

**DATED** this 13th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge