**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SAMMONS, | No. 15-15275 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00574-GMN-VCF |
| v. | |
| RINO INTERNATIONAL CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted November 16, 2016**

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Michael Sammons appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his diversity action seeking the appointment of a receiver. We have jurisdiction under 28 U.S.C. § 1291. We

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015), and we reverse and remand.

The district court dismissed Sammons's action for lack of subject matter jurisdiction because it concluded that Sammons did not plead an amount in controversy over $75,000. However, Sammons's proposed First Amended Complaint alleges that Rino International Corporation holds ownership interests in foreign companies, previously valued at $258 million, which makes his shareholder interest worth more than $75,000. Based on those allegations, it cannot be determined to a legal certainty that Sammons failed to meet the amount in controversy requirement. *See* 28 U.S.C. § 1332(a); *Naffe*, 789 F.3d at 1039-40 (setting forth elements of diversity jurisdiction and explaining that the "legal certainty" test requires a "district court [to] accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less"); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (under the legal certainty test, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount" (citation and internal quotation marks omitted)). Accordingly, we reverse the judgment and

remand for further proceedings.

Sammons's motion to submit the case on the briefs, filed on February 21, 2015, and his motion to submit the case to a screening panel, filed on February 24, 2015, are granted.

**REVERSED and REMANDED.**