# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL SAMMONS,

          Plaintiff,

vs.

RINO INTERNATIONAL CORPORATION,

          Defendant.

Case No.: 2:14-cv-00574-GMN-VCF

**ORDER**

    Pending before the Court is the unopposed Motion to Dismiss, (ECF No. 29), filed by *pro se* Plaintiff Mike Sammons ("Plaintiff").[1] For the reasons discussed below, the Court orders the Clerk of Court to close this case.

    On February 13, 2015, the Court adopted a Report and Recommendation, (ECF No. 11), filed by the Honorable Cam Ferenbach, United States Magistrate Judge, recommending that the Court deny Plaintiff's Motion for Default Judgment, (ECF No. 10), and dismiss Plaintiff's Complaint, (ECF No. 1), for lack of subject-matter jurisdiction. (Order 1:17–19, ECF No. 18). Plaintiff appealed the Court's Order, and on November 21, 2016, the Ninth Circuit reversed the Court's dismissal of the Complaint and remanded the case back to this Court. (*See* Ninth Cir. Mandate, ECF No. 31). Shortly thereafter, Plaintiff filed his Motion to Dismiss, explaining that "he has successfully secured the relief he sought in state court." (Mot. to Dismiss at 1).

    Plaintiff alleges that Defendant Rino International Corporation ("Defendant") was served on April 19, 2014, (ECF No. 7); however, Defendant has never appeared in this case. The Court therefore construes Plaintiff's Motion as a notice of voluntary dismissal pursuant to

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 41(a).  Pursuant to Rule 41(a), "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  Because Defendant has neither filed an answer nor a motion for summary judgment, Plaintiff's dismissal is effective without the Court's order. *See id.*

Accordingly,

**IT IS HEREBY ORDERED** that, in light of Plaintiff's Motion to Dismiss, (ECF No. 29), which the Court construes as a notice of voluntary dismissal, the Clerk of Court shall close this case.

**DATED** this __20__ day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge